**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**In Admiralty**

**Case No.:**

ACCELERANT SPECIALTY INSURANCE COMPANY, and TEXAS INSURANCE COMPANY,

       Plaintiffs,

v.

MILK WORLD USA LLC, and AXEL LEMA,

       Defendants.          /

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs, ACCELERANT SPECIALTY INSURANCE COMPANY ("Accelerant") and TEXAS INSURANCE COMPANY ("Texas Insurance"), (collectively, "Plaintiffs"), hereby sue Defendants, MILK WORLD USA LLC ("Milk World") and AXEL LEMA ("Lema"), and as grounds therefore, state as follows:

### JURISDICTION AND VENUE

1. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201.

2. Plaintiffs designate this as an admiralty and maritime cause within the meaning of Fed. R. Civ. P. 9(h). This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1333, as it involves a dispute regarding a marine insurance contract. Plaintiffs invoke the provisions of Rule 9(h), 38(e), and 82 of the Federal Rules of Civil Procedure.

3. Venue is proper within the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(2) because it has been stipulated as an appropriate venue; the Policy at issue states that disputes shall be heard where the insured or where the insured's agent

resides. Milk World's address on the Policy is listed as being in Broward County, Florida, and the insured's agent also resides in the Southern District of Florida, rendering the Southern District of Florida a contractually agreed-upon venue.

4. All conditions precedent to the filing of this action have occurred, been waived, or have otherwise been complied with.

5. Pursuant to the requirements of 28 U.S.C. § 2201 and Article III, Section 2 of the United States Constitution, a case or controversy exists and has existed between the Parties since the beginning of this action, such that an action for declaratory judgment is ripe and appropriate.

## PARTIES

6. At all times material to this action, Accelerant is and was a domestic surplus lines insurer organized and existing under the laws of the State of Arkansas, with its office and principal place of business located in the State of Georgia.

7. At all times material to this action, Texas Insurance is and was a domestic surplus lines insurer organized and existing under the laws of the State of Texas, with its office and principal place of business located in the State of Nebraska.

8. At all times material to this action, Milk World is and was a limited liability company organized and existing under the laws of the State of Florida.

9. At all times material to this action, Mr. Lema is and was an individual residing and domiciled in the State of Florida.

## FACTUAL ALLEGATIONS

10. This matter arises out of an incident which occurred on or about December 30, 2023 involving the insured vessel, a 1998 42′ Azimut with MTU twin 325hp diesel engine, hull identification no. XAX42046L899 (the "Insured Vessel") owned by Milk World, as well as a third-

party vessel, *Set on Fire* (the "Third-Party Vessel") owned by MR. NICK LLC, in which Maria Murillo a guest on the Third-Party Vessel alleges she was injured while on the Third-Party Vessel (the "Incident").

11.     On July 30, 2024, Ms. Murillo filed a lawsuit against Mr. Lema, the Insured Vessel, the Third Party Vessel, and Nicholas Lorenzon, the owner of the Third Party Vessel, in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, styled *Maria Belen Murillo v. Mr. Nick LLC Et Al*, Case No.: 2024-014249-CA-01 (the "State Court Action"). A copy of the operative complaint in the State Court Action is attached hereto as **Exhibit "A."**

12.     At the time of the Incident, the Insured Vessel and Third-Party Vessel were anchored at the Haulover sandbar in Miami, Florida. *See* Ex. A at ¶ 11.

13.     In the State Court Action, Ms. Murillo alleged that she was an invited guest aboard the Insured Vessel. *See Id.* at ¶ 9.

14.     Ms. Murillo further alleged that "[w]hile on the flybridge of *Set on Fire*, Defendant LEMA fell off the boat and thereby caused Plaintiff MURILLO to fall off *Set on Fire*" and sustained injuries as a result. *See Id.* at ¶ 13.

15.     Milk World and Lema submitted a claim for coverage arising out of the Incident and State Court Action on a policy of marine insurance that Plaintiffs issued to him, Policy No. SYP/22/COM, with effective dates of December 8, 2023, to December 8, 2024 (the "Policy"). A complete copy of the Policy is attached hereto as **Exhibit "B"**.

16.     The Policy provides, *inter alia*, $1,000,000 in third-party liability coverage, subject to a $2,500 deductible. *See* Ex. B.

17.     The Policy provided, in relevant part, as follows:

        4. Coverage B, Third Party Liability

If a sum insured is shown under Section B of the Insuring Agreement Declaration Page, We provide coverage for any sum or sums which You or any other Covered Person become legally liable to pay and shall pay as a result of ownership or operation of Scheduled Vessel.

\*       \*       \*

**10. Your Duties In The Event Of A Loss**

2. Within 30 days of a loss giving rise to any claim hereunder give Us written notification of the loss and its circumstances, this term is a condition precedent to our liability hereunder.

\*       \*       \*

**11. Service of Suit, Choice Of Law and Forum**

**It is hereby agreed that any dispute or claim arising hereunder (including non-contractual disputes or claims), or in connection with this Insuring Agreement, shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, any dispute or claim arising hereunder (including non-contractual disputes or claims), or in connection with this Insuring Agreement, is subject to the substantive laws of the State of New York.**

It is also hereby agreed that any dispute arising hereunder shall be subject to the exclusive jurisdiction of the Federal courts of the United States of America, in particular, the federal District court within which You the Assured resides or the federal District court within which your insurance agent resides.

\*       \*       \*       \*

*See* Ex. B.

18.    Milk World and Lema have sought coverage from Plaintiffs in connection with the subject incident.

### COUNT I: LACK OF INSURING AGREEMENT

19.    Plaintiffs reallege and reincorporate the allegations of paragraphs 1-18 as if more fully set forth at length, herein.

20. Pursuant to Section 4. Coverage B, Third Party Liability, the Policy's coverage grant extends to "any sums or sums which You or any other Covered Person become legally liable to pay and shall pay as a result of ownership or operation of the Scheduled Vessel." *See* Exh. B, p. 7.

21. Murillo's injuries were not the "result of" Lema or Milk World's ownership or operation of the Scheduled Vessel as required by the Policy.

22. Under New York law, which governs the construction of the Policy's coverage grant, whether an injury is "a result of ownership or operation of the Scheduled Vessel" is subject to a three-part test: (1) the accident must have arisen out of the inherent nature of the vessel; (2) the accident must have arisen within the natural territorial limits of the vessel, and the actual use, loading, or unloading must not have terminated; and (3) the vessel must not merely contribute to cause the condition which produces the injury, but must, itself, produce the injury. *Great Lakes Ins. SE v. Sunset Watersports, Inc.*, 570 F. Supp. 3d 1268-69 (S.D. Fla. 2021); *Great Lakes Ins. SE v. Boat Rental Miami, Inc.*, 614 F. Supp. 3d 1238, 1246-47 (S.D. Fla. 2020).

23. The Complaint in the State Court Action does not allege anything inherent to the Insured Vessel that caused Murillo to fall.

24. The Complaint in the State Court Action does not allege that the Insured Vessel itself caused Murillo's injury. *See* Ex. A at ¶13.

25. To the contrary, it alleges that Lema and the Third-Party Vessel were the source of her injury. *See* Ex. A at ¶ 16.

26. As a result, the Policy's coverage grant does not extend to the loss and all claims associated with the Incident are excluded under the Policy.

27.     Because the Complaint in the State Court Action does not allege a claim that fairly falls within the Policy's coverage grant, Plaintiffs seek a declaration that they have no duty to defend Lema or Milk World in the State Court Action and that they have no duty to indemnify Lema or Milk World for any damages as a result of Murillo's claim.

28.     An actual, present and justiciable controversy exists between Plaintiffs and Lema and Milk World warranting the entry of a declaratory judgment by this Court that the Policy does not provide coverage for the Incident.

WHEREFORE, Plaintiffs respectfully request this Honorable Court to adjudge and declare that there is no bodily injury coverage for the claims of Murillo, arising from or associated with the Incident and that Plaintiffs have no duty to defend or indemnify Lema or Milk World with respect to said claims. Plaintiffs further request such other relief as the Court deems just and appropriate under the circumstances.

### COUNT II– LATE NOTICE

29.     Plaintiffs readopt and reallege the allegations contained in paragraphs 1-18 as if more fully set forth at length herein.

30.     The Policy imposes several duties on the insured in the event of a loss.

31.     One of those requirements is that "Within 30 days of a loss giving rise to any claim hereunder [you] give Us written notification of the loss and its circumstances, this term is a condition precedent to our liability hereunder." *See* Ex. B, pg. 17.

32.     Lema and Milk World knew or should have known of the Incident and its severity on the day it occurred.

33.     The loss was not reported to Plaintiffs until March 13, 2024, nearly three months after the incident.

34.     As such, Lema and Milk World failed to satisfy a condition precedent to coverage.

35.     Under New York law, which governs the Policy in the absence of entrenched maritime precedent, notice is a condition precedent to coverage, and the failure of an insured to provide notice within a reasonable time will constitute a complete defense to coverage, irrespective of whether the insurer was prejudiced by such late notice.

36.     Therefore, because Lema and Milk World did not provide timely notice of the circumstances regarding the alleged loss, there is no coverage under the Policy with respect to the claimed damages.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court adjudge and declare that Mr. Lema and Milk World breached the Policy's notice provision and that, as a result, there is no coverage for the Incident, and there is no duty to defend or indemnify Mr. Lema and Milk World for third-party liability coverage with respect to any and all claims, including the claims of Murillo, arising out of the Incident under the Policy. Plaintiffs further request such other relief as this Honorable Court deems just and appropriate under the circumstances.

Dated: October 2, 2025.

Respectfully submitted,

**DAVANT LAW, P.A.**
*Attorneys for Plaintiffs*
100 NE Third Ave, Suite 440
Fort Lauderdale, FL 33301
Telephone: (954) 414-0400

By:     */s/ Charles Davant*

Charles S. Davant
Florida Bar No. 15178
csd@davantlaw.com
Christopher M. Fernandez
Florida Bar No. 1030892
cfernandez@davantlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this October 2, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which served a copy thereof on all counsel of record.

*/s/ Charles Davant*
Charles S. Davant