Filing # 203648320 E-Filed 07/30/2024 12:15:20 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO:

MARIA BELEN MURILLO,

       Plaintiff,

vs.

MR. NICK LLC, NICHOLAS
LORENZON, MILK WORLD USA, LLC
and AXEL LEMA,

      Defendants.

_____/

## COMPLAINT

Plaintiff, MARIA BELEN MURILLO, by and through undersigned counsel, hereby sues

Defendants, MR. NICK LLC, NICHOLAS LORENZON, MILK WORLD USA LLC, and AXEL

LEMA and states:

## SUMMARY

1.     Plaintiff MURILLO fell from a boat due to the negligence of the owners/operators

of two boats, causing her back to be broken and requiring emergency spinal surgery.

## JURISDICTION AND VENUE

2.     This is a negligence action for damages that exceed $50,000.00, exclusive of

prejudgment interest, costs and attorney fees. (The estimated value of Plaintiff's claim is in excess

of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered

"$50,001.00" in the civil cover sheet for the "estimated amount of the claim" as required in the

preamble to the civil cover sheet for *jurisdictional purposes only* (the Florida Supreme Court has

ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection

and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and

1

just jury in accordance with Article 1, Section 21, Fla. Const.

3. At all times material hereto, Plaintiff, MARIA BELEN MURILLO is and was a resident of Miami-Dade County, Florida.

4. At all times material hereto, Defendant, MR. NICK LLC, is a Florida corporation, with its principal office located at 2500 NW 21 Terrace, Miami, Miami-Dade County, Miami, Florida and owned the vessel named "*Set on Fire*", a 1999 Azimut 42.

5. At all times material hereto, Defendant, NICHOLAS LORENZON, was a resident of Miami-Dade County, Florida and operator of the vessel named "*Set on Fire*".

6. At all times material hereto, Defendant, MILK WORLD USA LLC, is a Florida corporation, with its principal office located at 5301 Taylor Street, Hollywood, Miami-Dade County, Florida and owned the vessel named "*Joker 1*", an Azimut 42.

7. At all times material hereto, Defendant, AXEL LEMA, was a resident of Miami-Dade County, Florida, and the operator of the vessel "*Joker 1*".

8. Venue is appropriate in Miami-Dade County, Florida in that: (1) pursuant to Fla. Stat. §47.011, one of the Defendants resides in Miami-Dade County, and the cause of action accrued in Miami-Dade County.

## FACTS

9. On December 30, 2023, Plaintiff MURILLO was a guest on a boat owned by Defendant MILK WORLD and operated by Defendant LEMA.

10. In the early morning hours of Saturday, December 30, 2023, Defendant LEMA brought his boat *Joker 1* up alongside the boat *Set on Fire*.

11. Defendant LEMA then rafted-up *Joker 1* to the vessel *Set On Fire* at Haulover Sandbar (located within the boundaries of Miami-Dade County, Florida).

12.     Defendant LORENZON's agent was operating Defendant MR. NICK's boat *Set on Fire*.

13.     The operator of Defendant MR. NICK's boat *Set on Fire* invited the passengers and crew of the MILK WORLD boat *Joker 1* to board it.  Defendant LEMA asked and encouraged Plaintiff MURILLO to accompany him from the *Joker 1* to the *Set on Fire*.  While on the flybridge of *Set on Fire*, Defendant LEMA fell off the boat and thereby caused Plaintiff MURILLO to fall off *Set on Fire*.

**COUNT I:    NEGLIGENCE**
**OF NICHOLAS LORENZON AND MR. NICK LLC**

14.     The Plaintiff affirms and adopts paragraphs 1-13 and further alleges:

15.     On or about December 30, 2023, the Defendants MR. NICK and LORENZON owed a duty to its passengers, and in particular to the Plaintiff, to maintain and operate their vessel, *Set On Fire,* in a reasonable and safe condition and manner and to warn passengers, and in particular the Plaintiff, of any dangerous conditions of which they knew or should have known existed.

16.     On or about December 30, 2023, the Defendants breached their duty of care to the Plaintiff and were negligent in one or more of the following ways:

a.     Allowing another boat to raft-up in the dark, creating a hazard where passengers and crew could not properly see or keep a lookout;

b.     Allowing another boat to raft-up, creating a hazard where any person falling from the boat would hit the gunwale of the other boat causing serious injury;

c.     Creating a tripping hazard by failing to turn on lower and upper deck lights;

d.     Failing to warn passengers of the above-described dangerous condition; and

e.     Failing to reasonably maintain its vessel by failing to implement appropriate safety rules to protect the guests;

f.     Failing to properly supervise the crew of *Set on Fire*;

g.     Failing to properly train the crew of *Set on Fire*;

h.     Failing to properly hire the crew and operator of *Set on Fire*, and to ensure that the assigned operator had a boating license and proper safely information;

i.     Failing to require the passengers and guests to wear flotation devices, which would have cushioned the Plaintiff's fall (preventing her back from being broken in the fall), and keeping her afloat when she landed in the water;

j.     Failing to prevent passengers and guests from entry onto *Set on Fire's* flybridge during darkness.  The flybridge was dangerous without light.  *Set on Fire's* crew could have prevented passengers and guests from accessing the deck while the lights were off, or simply turned on the flybridge's lights;

k.     The owner/operator of *Set on Fire* negligently entrusted the vessel to an agent/operator that committed all of the above negligence;

14.     As a direct and proximate result of the Defendants' negligence, the Plaintiff sustained serious and permanent injuries, pain and suffering, disability, disfigurement, mental anguish, aggravation of preexisting conditions, inconvenience, scarring, the loss of the capacity for the enjoyment of life, loss of past earnings, diminished earning capacity in the future, and the Plaintiff has incurred medical expenses in the past and will incur future medical expenses. All said damages are permanent and continuing in nature.

WHEREFORE, the Plaintiff demands judgment against the Defendants for damages in excess of the minimal jurisdictional limits of this Court plus interest and costs, for any and all damages available under all applicable Florida law against Defendant, and such other and further relief deemed proper by the Court. Plaintiff also demands trial by jury of all issues so triable as a matter of right.

## COUNT II:   NEGLIGENCE OF AXEL LEMA AND MILK WORLD USA LLC

15.     Plaintiff affirms and adopts paragraphs 1-13.  On or about December 30, 2023, the Defendants LEMA and MILK WORLD, owed a duty to their passengers, and in particular to the

Plaintiff, to maintain and operate the *Joker 1*, in a reasonable and safe condition and manner and to warn passengers, and in particular the Plaintiff, of any dangerous conditions of which they knew or should have known existed.

16.     On December 30, 2023, the Defendants breached their duty of care to the Plaintiff and was negligent in one or more of the following ways:

a) Rafting-up to another vessel in the dark, creating a hazard where passengers and crew could not properly see or keep a lookout;

b) Rafting-up to another vessel, creating a hazard where passengers falling out of the other boat will fall onto and be injured by your boat;

c) Failing to turn on both deck's lights so that passengers of both boats may keep a lookout and prevent falling from the boats;

d) Failing to warn passengers of the above described dangerous condition;

e) Failing to require the Plaintiff to wear flotation devices when exiting *Joker 1* to *Set on Fire*, which would have cushioned the Plaintiff's fall (preventing her back from being broken in the fall), and keeping her afloat when she landed in the water;

f) Failing to stay on Joker 1 as its captain and operator, abandoning his duties, and encouraging his passenger the Plaintiff to board a boat in the twilight hours that was not well lit.  He led his passenger into danger, from the safety of *Joker 1;*

g) Failure to warn his passenger the Plaintiff not to board another boat in the dark and failing to warn her that walking on *Set on Fire* in the dark was unreasonably dangerous;

h) Failing to instruct the operator of *Set on Fire* to turn on all deck lights to that all passengers would see where they were walking;

i) Failing to instruct and preventing Plaintiff to entering the flybridge of *Set on Fire*.

17.     As a direct and proximate result of the Defendants' negligence, the Plaintiff sustained serious and permanent injuries, pain and suffering, disability, disfigurement, mental anguish, aggravation of preexisting conditions, inconvenience, scarring, the loss of the capacity for the enjoyment of life, loss of past earnings, diminished earning capacity in the future, and the Plaintiff has incurred medical expenses in the past and will incur future medical expenses. All said damages are permanent and continuing in nature.

WHEREFORE, the Plaintiff demands judgment against Defendants for damages in excess of the minimal jurisdictional limits of this Court plus interest and costs, for any and all damages available under all applicable Florida law against Defendants, and such other and further relief deemed proper by the Court. Plaintiff also demands trial by jury of all issues so triable as a matter of right.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues triable as of right by a jury.

DATED this 29th day of July, 2024.

/s/ *James G. Vickaryous*
JAMES G. VICKARYOUS, ESQ.
Florida Bar No.:  986933
CRAIG A. SONNER, ESQ.
Florida Bar No.: 478946
Vickaryous Law Firm
1515 International Pkwy, Suite 2031
Lake Mary, FL  32746-7635
Ph:  (407) 333-3332 Fax: (407) 333-9933
Attorneys for Plaintiff
Primary email:     Jim@vickaryous.com
Secondary email:  Lisa@vickaryous.com
                   Craig@vickaryous.com
                   Pleadings@vickaryous.com